IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DORETHIA TAYLOR-MERIDETH | ) | |
| | ) | |
| v. | ) | No. 3:16-0612 |
| | ) | |
| METROPOLITAN NASHVILLE | ) | |
| PUBLIC SCHOOLS, et al. | ) | |

TO: Honorable Waverley D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

By Order entered April 22, 2016 (Docket Entry No. 6), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court are the motion to dismiss filed by Defendants Stephen Breese and Adam Wicker (Docket Entry No. 13) and two motions to dismiss filed by Defendant Metropolitan Government of Nashville and Davidson County (Docket Entry Nos. 21 and 45). Plaintiff has made filings in response to the motions. *See* Docket Entry Nos. 28-31, 44, and 47. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that: (i) the motion to dismiss filed by Defendants Stephen Breese and Adam Wicker (Docket Entry No. 13) be GRANTED and (ii) the motions to dismiss filed by Defendant Metropolitan Government of Nashville and Davidson County (Docket Entry Nos. 21 and 45) be DENIED.

### I. BACKGROUND

Dorethia Taylor-Merideth ("Plaintiff") is a former school teacher who was employed by the Metropolitan Nashville Public School System ("Metro Schools"). She filed this lawsuit *pro se* and

*in forma pauperis* on March 16, 2016, against Metro Schools, Stephen Breese ("Breese"), and Adam Wicker ("Wicker") (hereinafter referred to collectively as "Defendants"). Plaintiff asserts federal claims of employment discrimination and seeks monetary relief. By Order entered May 27, 2016 (Docket Entry No. 16), the Metropolitan Government of Nashville and Davidson County ("Metro") was added to this action as a defendant in place of Metro Schools.

Plaintiff asserts that she taught elementary school at the Westmeade Elementary School ("Westmeade") for 27 years prior to August 2015, when Metro Schools informed her that she was being transferred from Westmeade to a teaching position in a different grade at another school. She alleges that she was given only a few days to transfer all of her teaching materials to the other school and was offered no assistance in moving, despite the fact that she suffers from physically limiting medical conditions. She asserts that the stress of the situation and the transfer caused her to leave her employment. Plaintiff contends that there was no legitimate reason for the transfer, that selecting her for a transfer was not consistent with the school system's ordinary practices, and that she was, in effect, constructively discharged. Alleging that her former teaching position was filled by a younger, white female, she asserts that Metro Schools discriminated against her based on her race, age, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Plaintiff submitted an EEOC charge of discrimination on August 26, 2015, and received her right to sue letter on or around December 22, 2015.

In lieu of answers, Defendants have filed the pending dispositive motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants Breese and Wicker, who are the Principal and Vice Principal at Westmeade, argue that there is no basis for claims of individual liability against them under the federal employment discrimination statutes at issue and that Plaintiff's claims are more properly directed at her employer. *See* Memorandum in Support (Docket Entry No. 14).

Defendant Metro, in its first motion to dismiss, argues that Plaintiff fails to plead facts that are sufficient to state a claim for relief because her allegations do not support a *prima facie* case of employment discrimination. Specifically, Defendant contends that Plaintiff's mere allegation that she was transferred to a teaching position at another school is not sufficient to show that she suffered a materially adverse employment action in light of the fact that Plaintiff does not allege any other type of material and significant changes in her job. *See* Memorandum in Support (Docket Entry No. 22).

In response to the motion, the *pro se* Plaintiff made a series of filings that reiterated or expanded upon the factual allegations of her original complaint and attempted to address the legal issues raised by Defendants in their motions. *See* Affidavit (Docket Entry No. 28), Motion to Consolidate (Docket Entry No. 29), Response in Opposition (Docket Entry No. 30), and Response in Opposition (Docket Entry No. 31). By Order entered August 31, 2016 (Docket Entry No. 42), the Court, after noting that Plaintiff appeared to seek to amend her complaint in one of her responses, gave Plaintiff additional time to file an actual amended complaint that more clearly set out the factual allegations supporting her claims. Plaintiff was also directed to give particular consideration to the viability of claims against Defendants Breese and Wicker.

Although Plaintiff filed an amended complaint, the amended complaint consists largely of conclusory assertions or assertions directed primarily at the legal arguments for dismissal raised by Metro. *See* Docket Entry No. 44. In the amended complaint, Plaintiff specifically brings claims against only Defendant Metro. *Id*. at 1. Defendant Metro, in its second motion to dismiss, argues that the amended complaint does not include any actual recitation of supporting facts and fails to cure any of the deficiencies of Plaintiff's original complaint. *See* Memorandum of Law (Docket Entry No. 46). In response, Plaintiff essentially argues that she has stated a claim to which Defendant Metro should respond and that her lawsuit should not be dismissed based upon a technical error that could be cured by further amendment.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## III. CONCLUSIONS

A. Defendants Breese and Wicker

In her recent amended complaint, Plaintiff explicitly omitted her claims against Defendants Breese and Wicker and has essentially agreed to the dismissal of the claims against them. A plaintiff may not rely on claims made in an original complaint that were subsequently dropped from an amended complaint. *See B&H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, n.8 (6th Cir. 2008) (an amended complaint supersedes the original complaint, which is then a nullity and no longer performs any function in the case) (internal citations omitted). Because Plaintiff's claims against Defendants Breese and Wicker did not survive in the amended complaint, those Defendants' motion to dismiss may be moot, but for clarity of the record, and because Plaintiff cannot proceed against Defendants Breese and Wicker, dismissal of those claims is appropriate.

B. Defendant Metro

Defendant Metro's sole argument for dismissal is that Plaintiff's factual allegation that she was forced to transfer to another school fails to show that she suffered the type of adverse employment action necessary to support a claim for relief. To succeed on her claim of disparate treatment, Plaintiff must ultimately show that she suffered a "materially adverse change in the terms or conditions of . . . employment" that was "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885-86 (6th Cir. 1996). In a general sense, an adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Nonetheless, determining whether a challenged action is sufficiently adverse depends upon the facts and circumstances of each case, and there may be indicia that are unique to a particular situation that render an action adverse. *See Deleon v. Kalamazoo County Road Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014); *Hawkins v. Maury Cty. Bd. of Educ.*, 2015 WL 4546783, *10 (M.D. Tenn. July 27, 2015) (Haynes, J.) (addressing the adversity of an involuntary job transfer that was not accompanied by a reduction of salary, wages, benefits, or job title).

Because Plaintiff proceeds *pro se*, the Court must construe her pleadings with some measure of leniency in determining whether her pleadings state a claim for relief. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdon v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Given this principle, and given the relatively minimal threshold a plaintiff must meet to survive a Rule 12(b)(6) motion, Plaintiff has done enough to state a claim for relief that warrants permitting this case to proceed to the next stage. Plaintiff has not set forth only conclusory allegations, nor has she made only vague or cursory allegations of wrongdoing. Instead, she has made specific factual allegations of an unwanted and wrongful job transfer to another school and specific factual allegations of circumstances surrounding the transfer that impacted her ability to continue working.

5

She has not alleged an employment action that is obviously and unquestionably *de minimis* or that would, under any factual scenario, fail to rise to the level of sufficient adversity to support a claim under Title VII. Instead, her allegations are sufficient to state a plausible disparate treatment claim that entitles her to submit proof supporting her claims. *Hawkins*, *supra*; *Kiger v. Jennings Funeral Homes, Inc.*, 2011 WL 13575, *2 (M.D. Tenn. Jan. 4, 2011) (Campbell, J.) (plaintiff's allegation of a job reassignment was sufficient to state claim for purposes of rebutting motion to dismiss).

While Defendant Metro may ultimately be able to show that there is a lack of evidentiary support for a conclusion that the employment action complained about by Plaintiff was, in fact, sufficiently adverse to support an employment discrimination claim, this is a showing more suitable to review upon a motion for summary judgment rather than upon a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (noting that it "was error for the district court to require [plaintiff] to plead a *prima facie* case . . . in order to survive a motion to dismiss'); *Orozco v. City of Murfreesboro*, 2009 WL 4042586 (M.D. Tenn. Nov. 19, 2009) (Wiseman, J.).

# R E C O M M E N D A T I O N

Accordingly, the undersigned Magistrate Judge respectfully RECOMMENDS that:

1) the motion to dismiss filed by Defendants Stephen Breese and Adam Wicker (Docket Entry No. 13) be GRANTED and these defendants be DISMISSED; and

2) the motions to dismiss filed by Defendant Metropolitan Government of Nashville and Davidson County (Docket Entry Nos. 21 and 45) be DENIED and Defendant be required to file an answer.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a

waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge