UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DORETHIA TAYLOR-MERIDETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-00612 |
| ) | JUDGE CRENSHAW |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE & DAVIDSON COUNTY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Report and Recommendation of the Magistrate Judge ("R&R") (Doc. No. 48) recommending that the Court deny the Motions to Dismiss filed by Defendant the Metropolitan Government of Nashville and Davidson County ("Metro") (Doc. No. 21; Doc. No. 45) and grant the Motion to Dismiss filed by Defendants Stephen Breese and Adam Wicker (Doc. No. 13). Metro has filed a timely objection to the R&R. (Doc. No. 51.) The Court has reviewed the R&R and the parties' briefs and has conducted a de novo review of the record. For the following reasons, the R&R is **ADOPTED**.

Metro's sole objection is that the Magistrate Judge erred in concluding that pro se Plaintiff Dorethia Taylor-Merideth has adequately pled that Metro subjected her to an adverse employment action when it transferred her to another school and grade level on short notice and without necessary physical assistance in moving her teaching materials. Based on the Court's review of Taylor-Merideth's original Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 44), it is apparent to the Court that Taylor-Merideth likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts

1

entitling her relief.  See ABB, Inc. v. Reed City Power Line Supply Co., No. 1:07-CV-420, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) (describing original complaint as "superseded and nullified" by the filing of an amended complaint).  In light of the lenient standards afforded to pro se litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment.

Based on the information in the combined Complaints, the Court agrees with the Magistrate Judge that Taylor-Merideth has pled a plausible claim for relief in light of the combined circumstances surrounding Metro's decision to transfer her.  The Court, however, stresses that the lenient standards governing pro se pleadings will not shield a plaintiff's claims from more serious scrutiny as the case progresses to its later stages.  See Johnson v. Stewart, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) ("[T]he liberal standards that apply [for pro se litigants] at the pleading stage do not apply after a case has progressed to the summary judgment stage." (citing Tucker v. Union of Needletrades, Indus., & Textile Emps., 407 F.3d 784, 788–89 (6th Cir. 2005)).

Accordingly, Metro's Motions to Dismiss (Doc. No. 21; Doc. No. 45) are **DENIED**.  Taylor-Merideth has not objected to the Magistrate Judge's recommendation to grant Breese and Wicker's Motion to Dismiss (Doc. No. 13), and that motion is **GRANTED** for the reasons set forth in the R&R.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE